UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD M. BERNECKI,

       Plaintiff,

v.                                     Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

       Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Richard M. Bernecki is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC is a limited liability corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. Defendant regularly attempt to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. That all references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to M & T Bank. Said debt will hereinafter be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which the money, services or property which was the subject of the transaction was primarily for personal, family and/or household purposes.. As such, said debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That Defendant was employed by M & T Bank to attempt to collect the subject debt.

13. That September of 2006, Defendant called and spoke to Plaintiff's father by telephone. During this conversation, Defendant stated to Plaintiff's father that Plaintiff owed a debt, and asked him to give Plaintiff a message to call them.

14. In accordance with the Defendant's instructions, Plaintiff's father gave Plaintiff the aforesaid message to call Defendant.

15. That in September of 2006, Plaintiff returned Defendant's telephone call and spoke to Defendant. During this conversation, Defendant used profanity called Plaintiff a "deadbeat."

16. For approximately two months after the telephone call described in paragraph 13 of this complaint, Plaintiff's father became extremely angry at Plaintiff, frequently questioned and criticized Plaintiff about the debt his nonpayment of same, and called him "irresponsible"

17. That as a result of the foregoing, a rift developed between Plaintiff and his father.

18. That by reason of the actions of the Defendant described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiffs repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C.§1692b(1), 15 U.S.C.§1692b(2) and 15 U.S.C.§1692c(b) by disclosing to Plaintiff's father that Plaintiff owed a debt.

    B. Defendants violated 15 U.S.C.§1692d and 15 U.S.C.§1692d(2) by using profanity and calling Plaintiff a "deadbeat"in the telephone call described in paragraph 15 of this complaint.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) actual damages;

(b) statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**

Dated: January 31, 2007

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Richard Bernecki, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: January 30, 2007

s/RICHARD BERNECKI
Richard Bernecki